UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE ESTATE OF LETHA ANN RUPERT, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> MICHAEL H. CRAWFORD, ESQ., et al., <br><br> Defendant(s). | Case No. 2:15-CV-1414 JCM (GWF) <br><br> ORDER |

Presently before the court is plaintiffs the Estate of Letha Ann Rupert, Stephen J. Grenyo, and Justice Law Center's motion for temporary restraining order and motion for preliminary injunction. (Docs. ## 10, 6). Defendants have not filed a response.

**I.   Background**

This case involves probate issues surrounding estate of Letha Ann Rupert.[1] Rupert died on or about May 14, 2014. (*Id.*). Plaintiffs allege that Rupert was a resident of Clark County, Nevada. (Doc. # 1 at 2).

Stephen J. Grenyo is the former life-partner and employee of the decedent, Letha Ann Rupert. (Doc. # 10 at 4). Rupert has a biological daughter from a prior relationship, Andra Lee Otwell (née: Swihart). (Doc. # 1 at 3).

---

[1] The following background information is taken entirely from plaintiffs' complaint (doc. # 1) and motions for temporary restraining order and preliminary injunction (docs. ## 10, 6).

**James C. Mahan**
**U.S. District Judge**

On June 9, 2014, Bret Whipple, Esq., through the Justice Law Center, assisted Grenyo in opening the probate estate in the Eighth Judicial District Court for Clark County, Nevada. (Doc. # 1 at 2). On June 27, 2014, the family division of the Eighth Judicial District Court for Clark County, Nevada, appointed Grenyo as personal representative and administrator of Rupert's Nevada estate. (Doc. # 1 at 16-19).

Plaintiffs assert that, during the probate process, they discovered several parcels of real property owned by the decedent in Garland County, Hot Springs, Arkansas. (Doc. # 1 at 2). On or about July 12, 2014, plaintiffs listed the Hot Springs, Arkansas property with a real estate broker in Hot Springs, Arkansas. (Doc. # 1 at 2). Plaintiffs sought to liquidate the Arkansas property.

As required by law, plaintiffs opened ancillary probate in Arkansas. (Doc. # 1 at 2). Plaintiffs enlisted the assistance of Arkansas attorney J. Joshua Drake to file ancillary probate in either November or December of 2014. (Doc. # 1 at 3). Drake allegedly enlisted the help of another Arkansas attorney, Michael H. Crawford

Plaintiffs assert that Drake is a personal friend of Rupert's biological daughter, Otwell. (Doc. # 1 at 4). Plaintiffs further assert that Drake and Crawford established ancillary probate in Otwell's name for personal financial gain and refuse to recognize the prior existing Nevada probate and its creditors. (Doc. # 1 at 4). Plaintiffs seek to have the sale proceeds from the Arkansas property distributed to the Estate of Letha Ann Rupert. (Doc. # 1 at 4).

On July 24, 2015, plaintiffs initiated suit in federal court against Michael H. Crawford, Esq. and the Crawford Law Firm. (Doc. # 1). Plaintiffs assert claims for (1) replevin; (2) negligent misrepresentation; (3) unjust enrichment; (4) quantum meruit; and (5) "injunction relief."[2]

Plaintiffs filed the instant motions for temporary restraining order ("TRO") and preliminary injunction seeking to "enjoin Arkansas attorney Michael H. Crawford, Esq. and the Crawford Law

---

[2] Claims for injunctive relief are prayers for relief, not independent causes of action. *See In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (a request for injunctive relief is not an independent ground for relief); *Huggins v. Quality Loan Servicing, LP,* No. 2:10–cv–01232–LDG–PAL, 2011 WL 310490, at *7 (D. Nev. Jan. 27, 2011). Accordingly, plaintiffs' claim for "injunction relief" is not a cause of action.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Firm from distributing the proceeds from the sale of the real property belonging to the Estate of Letha Ann Rupert until a final hearing on the merits." (Docs. ## 10, 6).

## II. Legal standard

Under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P. 65.

"The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, No. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of Cal. v. Coal. of Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious question and sliding scale test. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance

**James C. Mahan**
**U.S. District Judge**

- 3 -

of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

**III.    Discussion**

*A.   Venue*

The court may *sua sponte* raise the issue of venue where the defendant has not yet filed a responsive pleading and the time to do so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiffs assert that venue is proper in Nevada under 28 U.S.C. §§ 1391(b) and (c). (Doc. # 1 at 5). § 1391(b) discusses where civil actions may be brought, in other words, where venue is appropriate. § 1391(c) discusses how residency is determined for natural persons, entities, and non-United States residents. Plaintiffs assert only that, because a substantial part of the events giving rise to their complaint occurred in the District of Nevada, venue is appropriate in Nevada. (Doc. # 1 at 5).

Because all defendants reside in Arkansas, "a substantial part of the events . . . giving rise to the claim" must have occurred in Nevada for Nevada to be the appropriate venue. 28 U.S.C. § 1391(b)(2). Plaintiffs appear to bring the instant action in the state of Nevada because they 1) believe that decedent's Nevada probate actions connect to the events giving rise to the claim, and 2) wish to have all probate powers transferred to the administrator of decedent's Nevada estate.

However, plaintiffs' complaint and each of the allegations stem only from actions and alleged wrongdoing with respect to the sale of real property in Arkansas and ancillary probate established in and taking place in Arkansas. None of the events giving rise to any of plaintiffs' claims occurred in Nevada. *See, e.g.*, Costlow v. Weeks, 790 F.2d 1486 (9th Cir. 1986) (affirming the district court in the Western District of Washington's decision that it lacked venue where virtually all activity providing a basis of the complaint took place in Alaska and all defendants resided in Alaska). Accordingly, venue is not appropriate in the state of Nevada.

28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

James C. Mahan
U.S. District Judge

- 4 -

The court notes that much of the relief plaintiffs seeks is inappropriate under the Rooker-Feldman and probate exception doctrines.[3] *See In re Gruntz*, 202 F.3d 1074, 1078 (9th Cir. 2000) (en banc) (If a plaintiff brings a de facto appeal from a state court judgment, *Rooker-Feldman* requires that the district court dismiss the suit for lack of subject matter jurisdiction.); *see also Lefkowitz v. Bank of New York*, 528 F.3d 102, 107-08 (2d Cir. 2007) (probate exception to diversity jurisdiction barred claims for conversion, unjust enrichment, specific performance, and declaratory relief confirming beneficiary's entitlement to assets or distributions from estates).

Accordingly, the court finds that the interests of justice do not require a transfer of the case. The court will dismiss the instant matter.

## IV. Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter of *The Estate of Letha Ann Rupert v. Crawford*, case number 2:15-cv-01414-JCM-GWF be, and the same hereby is, DISMISSED for improper venue.

IT IS FURTHER ORDERED THAT plaintiffs' motions for temporary restraining order and preliminary injunction (docs. ## 10, 6) be, and the same hereby are, DENIED as moot.

The clerk shall close the case.

DATED July 31, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[3] As examples, plaintiffs request that the court enter the following orders: 1) "setting aside and/or nullifying the Circuit Court of Garland County, Arkansas Order Appointing Andra Lee (Swihart) Otwell as Personal Representative or Administrat[r]ix"; 2) "removing Michael H. Crawford, Esq. and the Crawford Law Firm, as attorney of record for the Arkansas Ancillary Probate"; 3) "appointing Stephen J. Grenyo as Administrator for the Arkansas Ancillary Probate"; and 4) directing Michael H. Crawford to "disgorge any and all monies derived from the sale of the Garland County Real Estate belonging to the Estate of Letha Ann Rupert".

**James C. Mahan**
**U.S. District Judge**